UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHAUN PATRICK MILLARD,<br><br>    Plaintiff,<br><br>    v.<br><br>LINDY M. LAUDER; CROWLEY FLECK LAW PLLP,<br><br>    Defendants. | Case No. 1:24-cv-00141-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

## I. INTRODUCTION

Pending before the Court is pro se Plaintiff Shaun Patrick Millard's Petition for Removal (Dkt. 3), Supplement to Petition for Removal (Dkt. 5), and 2nd Supplemented Petition for Removal (Dkt. 7). The Court collectively construes these filings as Millard's complaint in this matter. Pursuant to 28 U.S.C. § 1915, the Court must undertake an initial review of Millard's complaint to ensure it meets the minimum required standards. *See* 28 U.S.C. § 1915(e)(2). For the reasons explained below, the Court dismisses Millard's complaint for lack of subject matter jurisdiction.

## II. SUFFICIENCY OF COMPLAINT

The Court is required to screen complaints brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). The court must also dismiss an action at any time if the court determines it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

Here, Millard's collective filings allege he owns certain real property in Bingham County, Idaho located at 1339 E 1130 N. Shelley, Idaho 83724. (Dkt. 3 at p. 3). According to Millard, Defendants were hired by a creditor, "21st Mortgage," who apparently "holds the loan to the [property] in question." (Dkt. 7 at p. 2). Millard alleges that while acting on behalf of 21st Mortgage, Defendants wrongfully "assume[d] the position" of trustee of the property without his authorization and provided "false statements and false [d]ocuments" to local law enforcement "to obtain illegal[] entry to the property." (Dkt. 3 at p. 2; Dkt. 5 at p. 2). Defendants then allegedly changed the locks to the property, attempted to auction the property, and evicted the property's tenants. (Dkt. 3 at p. 2; Dkt. 5 at pp. 1, 2).

In response to these alleged wrongs, Millard requests several forms of relief. First, Millard asks the Court to remove Defendants as the trustee of any trust that purports to hold the property pursuant to Idaho Code § 15-7-308 and 11 U.S.C. § 324. (Dkt. 3 at p. 3). Second, Millard requests that the Court enjoin Defendants from entering the property. (Dkt. 5 at p. 2). And third, Millard seeks $5,000 in damages for any damage to the property as well as an "undetermined amount" for the lost income of his tenants.[1] (*Id.*)

---

[1]     In addition to the complaint's allegations, Millard indicates he has filed for bankruptcy in the United States Bankruptcy Court for the District of Idaho. (Dkt. 7 at p. 3); *In re Millard*,

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

Having reviewed the pleadings in this case and the relevant filings in Millard's bankruptcy proceeding, the Court will dismiss Millard's complaint for lack of subject matter jurisdiction. Federal courts have limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co of America*, 511 U.S. 375, 377 (1994). Generally, federal courts only have jurisdiction over a case from (1) the presence of a federal question or (2) diversity between the parties. *See* 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists if the complaint alleges a cause of action under federal law or the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988). A federal court has diversity jurisdiction if (1) the opposing parties are citizens of different states or a citizen of a state and a citizen of a foreign country, and (2) the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

Here, Millard does not plead facts sufficient to establish either federal question or diversity jurisdiction. First, although Millard's pleadings attempt to implicate federal statutes, none apply to this case. Millard suggests 11 U.S.C. § 324 authorizes the Court to remove Defendants as the trustee of any trust. However, this provision only applies in bankruptcy proceedings where a trustee has been appointed. *See* 11 U.S.C. § 103(a). Millard's filings also reference 18 U.S.C.

---

No. 24-00224-NGH (Bankr. D. Idaho). In Millard's bankruptcy petition, he represents that "21st Mortgage Corp." has a secured claim on the property in question. (*In re Millard*, Dkt. 1 at p. 23). 21st Mortgage Corporation has also appeared in Millard's bankruptcy case and represents that it holds a deed of trust on the property in question. (*Id.*, Dkt. 16 at p. 5). 21st Mortgage has submitted a copy of the deed of trust, which appears to be signed by Millard. (*Id.*, Dkt. 16 at pp. 17-34). 21st Mortgage Corporation has also moved the bankruptcy court for an order modifying the automatic stay imposed by the bankruptcy proceeding to allow it to exercise its rights under the deed of trust. Because 21st Mortgage Corporation represents Millard is in default on his loan payments, it represents it may pursue foreclosure or other foreclosure alternatives. (*Id.*, Dkt. 16 at p. 6). On July 31, 2024, the bankruptcy court granted 21st Mortgage Corporation's motion, thereby allowing 21st Mortgage to proceed with any foreclosure action on their deed of trust. (*Id.*, Dkt. 49).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

§ 7212(a), but this provision is a federal criminal statute and does not provide a private right of action to a civil litigant. *See Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) (refusing to "infer a private right of action from a bare criminal statute").

Millard also does not plead facts establishing diversity jurisdiction. Even assuming without deciding that the parties have diverse citizenship,[2] Millard does not allege the amount in controversy exceeds $75,000. Millard only personally requests $5,000 in damages, and any "undetermined amount" he seeks on behalf of the property's tenants is inappropriate because the tenants are not parties to this lawsuit.

Even if the amount in controversy exceeded $75,000, however, the Court would still lack jurisdiction to remove a trustee under Idaho Code § 15-7-308, as requested by Millard. Idaho law gives "exclusive jurisdiction of proceedings initiated by interested parties concerning the internal affairs of trusts" to the "court of registration." I.C. § 15-7-201(a)(1). The "court of registration" is the state district court of the trust's principal place of administration. *See* I.C. § 15-7-101. For this reason, federal courts typically lack jurisdiction to resolve issues pertaining to the internal affairs of a registered trust in Idaho. *See Chabot v. Chabot*, No. 4:11-cv-217-BLW, 2011 WL 5520927, at *6 (D. Idaho Nov. 14, 2011) (concluding "plaintiffs cannot ask [the federal district court] to remove a trustee" because of Idaho Code § 15-7-201(a)). Importantly, the internal affairs of a trust include "appoint[ing] or remov[ing] a trustee." I.C. § 15-7-201(a)(1). Consequently, to the extent Millard wants a trustee removed under Idaho law, the Court lacks the authority to grant such relief.

---

[2] The complaint does not allege facts indicating whether Crowley Fleck Law PLLP is diverse from Millard. An LLP is a citizen of every state in which one of its partners is a citizen. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899, 902 (9th Cir. 2006). Thus, if Crowley Fleck has a partner who is a citizen of Idaho, the parties are not diverse. Millard has not alleged that Crowley Fleck does not have a partner who is a citizen of Idaho. Of course, Millard may not be privy to this information presently, but were this action to proceed without federal question jurisdiction, the Court would need to ensure the parties are truly diverse.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

In addition to his request pursuant to § 15-7-308, Millard also appears to allege a trespass claim under state law against Defendants for entering his property without authority or consent. As already explained, the Court lacks diversity or supplemental jurisdiction to consider this claim. The filings in Millard's bankruptcy proceeding also suggest this claim may not have merit.[3] However, out of an abundance of caution, and taking as true Millard's well-pleaded factual allegations, the Court will only dismiss Millard's trespass claim without prejudice and with leave to amend. If Millard chooses to amend his trespass claim, he must allege facts that invoke the Court's federal question or diversity jurisdiction.

In sum, the Court dismisses Millard's complaint for lack of subject matter jurisdiction. Millard's claims under 11 U.S.C. § 324, 18 U.S.C. § 7212(a), and Idaho Code § 15-7-308 are dismissed with prejudice because amendment will not cure their jurisdictional deficiencies. The Court grants Millard leave to amend his complaint with regard to his claim Defendants trespassed onto his property. Any amended complaint must be submitted to the court within sixty (60) days of this order.

### III. ORDER

**IT IS ORDERED that:**

1. The Petition for Removal (Dkt. 3), Supplement to Petition for Removal (Dkt. 5), and 2nd Supplemented Petition for Removal (Dkt. 7) are **DISMISSED** for lack of subject matter jurisdiction. Specifically, Millard's claims under 11 U.S.C. § 324, 18 U.S.C. § 7212(a), and Idaho Code § 15-7-308 are dismissed with prejudice. Millard's trespass claim is dismissed without

---

[3] The Court cautions Millard that any trespass claim against Defendants may be baseless if the representations of 21st Mortgage Corporation in Millard's bankruptcy proceeding are correct. That is, if 21st Mortgage's deed of trust is valid and authorized Defendants to act as trustee of the property in the event of default, any trespass claim by Millard may be unfounded. Of course, the Court does not presume as much at this time and, instead, assumes Millard's well-pleaded factual allegations are true.

prejudice and with leave to amend. If Millard chooses to amend his complaint, **he must file his amended complaint within sixty (60) days of the issuance of this Order**.

    2.    Failure to file an amended complaint within the ordered timeframe will result in the full dismissal of this case with prejudice and without further notice.

DATED: August 22, 2024

_Amanda K. Brailsford_
**Amanda K. Brailsford**
U.S. District Court Judge

INITIAL REVIEW ORDER BY SCREENING JUDGE - 6